IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL INDICTMENT |
| | : | |
| CAROLINA MARAGIAGA, | : | NO. 1:06-CR-278-JEC-GGB |
| | : | |
| Defendant. | : | [Magistrate Judge Baverman] |

**ORDER AND REPORT AND RECOMMENDATION**
**ON PETITION FOR ACTION ON CONDITIONS OF RELEASE**

This matter came before the Court due to a Petition for Action on Conditions of Pretrial Release, [Doc. 53]. The petition alleged that the defendant absconded from pretrial supervision. [*Id.* at 2].

The defendant appeared before the undersigned on June 28, 2010, following her removal from the Southern District of New York. [Docs. 71, 73]. In September 2006, the defendant was charged by way of a superseding indictment in this District with conspiracy and possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(ii). [Doc. 27]. The defendant was arrested on these charges in the Northern District of Texas, and a Magistrate Judge in that district granted her pretrial release on October 27, 2006. [Doc. 40]. That release order required that the defendant be supervised by the U.S. Probation Office in that district,

AO 72A
(Rev.8/82)

and that she reside at her residence in Haltom City, Texas unless given permission to reside elsewhere. [*Id.* at 2]. She was scheduled to enter a guilty plea before the District Court in January 2007, [Doc. 50], but instead, the defendant did not appear, [Doc. 52]. Since that time, the defendant did not report to probation/pretrial supervision in either this district or the Northern District of Texas, where she was being supervised. The pending petition was issued on January 12, 2007. [Doc. 53]. The arrest warrant was received in the Southern District of New York, in May 2010, which resulted in her arrest and subsequent removal from that district. [Docs. 70, 71].

The defendant proffered that she became concerned that the source of supply of narcotics believed that she was the source of information to the DEA and that her safety was compromised. She contends that the DEA did not pursue these complaints, and as a result, she took matters into her own hands and failed to remain under supervision. The defendant concedes that she was not in contact with anyone (the Court, U.S. Probation/Pretrial Services, or her attorney) for 3 1/2 years.

Pursuant to 18 U.S.C. § 3148, the Court finds by clear and convincing evidence that the defendant violated the term of supervised release requiring that she report to U.S. Probation/Pretrial Services, by fleeing and not reporting to U.S. Probation/ Pretrial Services for 3 1/2 years.

2

AO 72A
(Rev.8/82)

The defendant failed to contact the Court, her attorney or U.S. Probation/Pretrial Services for 3 1/2 years. She moved to another district in violation of her pretrial release. As a result, the Court further finds that under 18 U.S.C. § 3142(g), there are no conditions or combination of conditions which would assure that the defendant would not flee, 18 U.S.C. § 3148(b).[1]

Because the defendant was released pursuant to an order of a United States Magistrate Judge in the Southern District of Texas, the undersigned may not be empowered to enter a final order revoking the defendant's release. 18 U.S.C. § 3145 ("If a person is ordered released by a magistrate, or by a person other than a judge having original jurisdiction over the offense and other than a Federal appellate court-(1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release."); *United States v. Torres*, 86 F.3d 1029, 1030 (11th Cir. 1996) (holding that

---

[1] The Court notes that the government claims that the presumption of detention applies in this case because the defendant is charged with a 10 year + drug offense. While it is undoubtedly true that if this was the defendant's initial appearance, the Court would have to consider the presumption and the shifting burdens that flow from such a presumption, the Court does not believe that it is required to, in effect, start from scratch when the defendant is brought back into court on a revocation petition. Because the Court concludes that the defendant clearly is subject to detention because she fled from pretrial supervision, the Court need not further discuss the government's argument.

3

"the court having original jurisdiction over the offense" is the district judge in the district where the prosecution is pending, and citing *United States v. Evans*, 62 F.3d 1233, 1235 (9th Cir. 1995)); *United States v. Cisneros*, 328 F.3d 610, 515 (10th Cir. 2003) (district court in New Mexico had authority under § 3145(a) to review and revoke pretrial release order entered by magistrate judge in Arizona because district court in New Mexico had original jurisdiction over offense); *see also United States v. Ross*, No. 1:05-CR-160, 2007 WL 1295995, *2 (W.D. Mich. Apr. 6, 2007) (observing that while district judge is the only juridical authority empowered to review a magistrate judge's release order, "there appears to be absolutely no reason why the district judge conducting the review cannot initially refer the review to a magistrate judge in his own district on a report and recommendation basis").[2]

---

[2]  The Court is not certain that the restriction on magistrate judges' authority under § 3145 translates into a similar restriction under 18 U.S.C. § 3148, where a released defendant is alleged to have violated conditions of pretrial release set by a magistrate judge in the district of arrest. Section 3148 provides, in relevant part, that following the initiation of a proceeding for revocation of an order of release, "[a] judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought *before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section*."   18 U.S.C. § 3148(b) (emphasis supplied). Such language seems to indicate that Congress intended not to limit magistrate judges' authority in revocation of pretrial release based on a violation of the release order, as it did in appeals of an initial order detaining or releasing a defendant. Because the parties did not dispute the Court's handling this matter on a Report and Recommendation, and out of an

AO 72A
(Rev.8/82)

**ACCORDINGLY**, the undersigned **RECOMMENDS** that the defendant's release be **REVOKED** and the defendant be **COMMITTED** to the custody of the U.S. Marshal to be detained in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. If the District Judge adopts this recommendation, the Order shall also provide that the defendant be afforded a reasonable opportunity for private consultation with defense counsel and that on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding. Pending any objections to this Report and Recommendation and submission of this matter to the District Judge, the defendant is **ORDERED** detained in the custody of the U.S. Marshal of this District as a pretrial detainee.

**IT IS SO RECOMMENDED and ORDERED**, this the ____28th____ day of June, 2010.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

---

abundance of caution, the Court does not decide whether it has original jurisdiction to revoke the defendant's release.

AO 72A
(Rev.8/82)